**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER J. MEYER; SHAREE MEYER, husband and wife, | No.   15-35560 |
| Plaintiff-Appellants, | D.C. No. 2:14-cv-00297- RSM |
| v. | MEMORANDUM[*] |
| NORTHWEST TRUSTEE SERVICES INC., a Washington Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted July 11, 2017
Seattle, Washington

Before:    TASHIMA and NGUYEN, Circuit Judges, and WALTER,[**] District
Judge.

Plaintiffs-Appellants Peter and Sharee Meyer (together, the "Meyers") sued

defendant-appellee Northwest Trustee Services, Inc. ("NWTS") after it initiated

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

nonjudicial foreclosure proceedings on their deed of trust. Following a three-day bench trial, the bankruptcy court ruled that NWTS had committed three violations of Washington's Deed of Trust Act ("DTA") and, in doing so, also violated that state's Consumer Protection Act ("CPA"). NWTS appealed to the district court, which reversed. The Meyers now appeal that ruling. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

The Meyers are barred by judicial estoppel from asserting their DTA and CPA claims. A debtor who seeks bankruptcy relief is required to disclose his assets, including any potential legal claims. *See* 11 U.S.C. § 521(a)(1)(B). A debtor "is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements" because "both the court and [the debtor's] creditors base their actions on the disclosure statements and schedules." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783, 784 (9th Cir. 2001). The duty to disclose assets "continues for the duration of the bankruptcy proceeding." *Id.* at 785. Thus, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784.

2

The Meyers filed for bankruptcy in 2010, and were not discharged until 2016. They asserted their DTA and CPA claims in 2012, and therefore knew of those claims "during the pendency of the bankruptcy." *Id.* Yet, the Meyers never amended their schedules to disclose their DTA and CPA claims. This "deceived the bankruptcy court," which confirmed a plan that did not account for those assets. *See id.* at 785. Accordingly, the Meyers are judicially estopped from pursuing those claims.[1]

_____

[1] Relying on *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267 (9th Cir. 2013), the dissent contends that judicial estoppel should not be invoked in this case. The dissent's reliance on *Ah Quin*, however, is misplaced. The "key factor [in *Ah Quin*] is that Plaintiff reopened her bankruptcy proceedings and filed amended bankruptcy schedules that properly listed this claim as an asset." *Id.* at 272. That factor is absent in this case. Thus, the issue in *Ah Quin* was whether the plaintiff's conduct should be excused, *i.e.*, whether her "prior position was based on inadvertence or mistake." *Id.* at 271 (quoting *New Hampshire v. Maine*, 532 U.S. 742 , 753 (2001)). In this case, however, the Meyers do not claim that their failure file a claim during the four years that their bankruptcy case was pending before they were granted a discharge was the result of "inadvertence or mistake," even as that term has been broadly defined in *Ah Quin*. And the Meyers certainly have *not* reopened their bankruptcy proceeding in order to late-file their claim, a circumstance which the *Ah Quin* majority recognized as "consistent with *New Hampshire* and with the policies animating the doctrine of judicial estoppel." *Id.* at 272.

The dissent contends that "[t]here was no need for the Meyers to reopen their bankruptcy case because they already disclosed their claims *before* they received their bankruptcy discharge." Whatever the dissent means by its statement that the Meyers "already disclosed their claims," they did *not* amend their disclosure statements and schedules, and bankruptcy is a form-driven process.

(continued...)

3

**AFFIRMED**.

---

[1](...continued)
[The debtor] is required to have amended his disclosure statements and schedules to provide the requisite notice, because of the express duties of disclosure imposed on him by 11 U.S.C. § 521(1), and because both the court and [the debtor's] creditors base their actions on the disclosure statements and schedules.

*Hamilton*, 270 F.3d at 784 (citation omitted).  Despite the dissent's protestation, we are bound by *Hamilton*.



FILED

AUG 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NGUYEN, Circuit Judge, dissenting:

Because judicial estoppel should not apply here, I respectfully dissent.

Judicial estoppel is an equitable doctrine, one that is not designed to punish a

party's "inadvertence or mistake"; rather, its purpose is "to protect the integrity of

the judicial process by prohibiting parties from deliberately changing positions

according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S.

742, 749–50, 753 (2001) (internal quotation marks and citations omitted). A key

concern is whether the bankruptcy "court was misled." *Id.* at 750–51; *see Ah Quin*

*v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 275–76 (9th Cir. 2013)

(reversing summary judgment because judicial estoppel did not bar debtor's claim

where, "possibly due to inadvertence, [debtor] happened to omit the claim from her

initial schedules"); *see also In re MAI Sys. Corp.*, 178 B.R. 50, 52–54 (Bankr. D.

Del. 1995) (holding debtor was not judicially estopped from bringing claims in

adversary proceeding simply because they were omitted from its initial

disclosures).

The Meyers' forthright litigation of their claims is a far cry from the

deliberate dissembling by the debtor in the case relied upon by the majority. In

*Hamilton v. State Farm Fire & Casualty Co.*, the debtor took a uniform position

throughout the bankruptcy case that no insurance claims existed, even refusing to

1

answer the bankruptcy trustee's questions about them. 270 F.3d 778, 781 (9th Cir. 2001). After his bankruptcy case was dismissed due to his dishonesty, the debtor brought the claims in state court. *Id.* We have previously recognized that the omission in *Hamilton* was "intentional," and thus its holding does not apply to a possibly "inadvertent or mistaken omission from a bankruptcy filing." *Ah Quin*, 733 F.3d at 271, 273 n.5.

In contrast, here, the Meyers were upfront with the bankruptcy court and their creditors about their newly cognizable claims. The Meyers did not include the claims on their initial disclosure because they were not cognizable until 2012. But once their claims became cognizable, the Meyers disclosed them in the most conspicuous way possible—by actually litigating the claims in a bench trial before the bankruptcy court. No one suggests that the bankruptcy court was misled. Nor does any creditor contend that it was misled. But even if one was, the majority's holding grants the creditors no relief. Instead, the majority's ruling ensures that "the only 'winner' in this scenario is the alleged bad actor in the estopped lawsuit." *Ah Quin*, 733 F.3d at 275.

The majority asserts that *Ah Quin* is factually distinguishable because that debtor *reopened* her bankruptcy case to disclose claims (thereby ensuring the bankruptcy court was not misled as to their existence). 733 F.3d at 269–70. There was no need for the Meyers to reopen their bankruptcy case because they were

2

even more forthright than the debtor in *Ah Quin*, having already disclosed their claims in their adversary proceeding *before* they received their bankruptcy discharge.  In holding that the Meyers should have also amended their schedules (but not remanding so that they may do so), the majority literally elevates form over substance.  Yet, bankruptcy law is driven not by forms but by equitable principles, the cornerstone of which is that "substance will not give way to form, [and] technical considerations will not prevent substantial justice from being done."  *Pepper v. Litton*, 308 U.S. 295, 304–05 (1939).  Rather than invoking judicial estoppel, I would reach the merits.